UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KATHRYN FJELD,

                    Plaintiff,

                                                Index No.: 07-CV-10355(CM)(HBP)

      v.

INTERNATIONAL BUSINESS MACHINES, INC.,
d/b/a IBM, ISOGON CORPORATION,
TETRAGON, L.L.C., STEVEN BARRITZ, and
ROBERT BARRITZ,

                    Defendants.
-----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT
OF THE PRE-ANSWER MOTION OF DEFENDANTS
IBM AND ISOGON CORPORATION TO DISMISS THE COMPLAINT OR,
IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

**GORDON & REES, LLP**
ATTORNEYS FOR DEFENDANTS
**IBM AND ISOGON CORPORATION**
90 BROAD STREET, 23RD FLOOR
NEW YORK, NEW YORK 10004
PHONE: (212) 269.5500

TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

PRIOR PROCEEDINGS ...........................................................................................................1

ARGUMENT ...............................................................................................................................2

    I.      **The Complaint Should Be Dismissed For Failure To Comply With The Requirements Set Forth In The Federal Rules of Civil Procedure** ........................2

          A.    The Complaint Fails To Comply With The Requirements Of Federal Rules Of Civil Procedure 8(a) and (e) .................................................................................2

          B.    The Complaint Fails To Comply With The Requirements Of Federal Rule Of Civil Procedure 10(b)........................................................................................4

    II.     **In The Alternative, Plaintiff Should Be Required To Amend her Complaint To Provide A More Definite Statement** .................................................................5

**CONCLUSION** ..........................................................................................................................6

## PRELIMINARY STATEMENT

During the course of Plaintiff's employment with Isogon Corporation ("Isogon"), she allegedly suffered sexual harassment and, ultimately, retaliation perpetrated by an Isogon employee. As a result, Plaintiff sued, among others, Isogon and its current parent company, International Business Machines ("IBM"), which acquired Isogon after the conduct in Plaintiff's Complaint allegedly occurred (collectively, "Defendants").

Plaintiff's Complaint asserts a single, unspecified cause of action (her Fifth Cause of Action) against IBM and Isogon. This cause of action alludes, in a conclusory and jumbled manner, to a number of potential claims and/or theories of liability relating to Plaintiff's employment. However, nowhere in her Complaint does Plaintiff identify any statutory or common law basis upon which she believes she is entitled to relief. Rather, the Fifth Cause of Action states, confusingly, that: "Defendant Isogon intentionally, purposefully and willfully caused the deprivation of plaintiff's constitutional rights to equal protection under the law"; "[D]efendant Isogon acted under color of state law in willfully and purposefully depriving plaintiff of constitutionally guaranteed rights of equal protection"; and Defendants' actions were in violation of "applicable state and federal statutes protecting the rights of employees." *See* Complaint, ¶¶ 64, 66, 67.

Defendants are thus left to speculate as to which statute or other ground Plaintiff asserts for her claim against them. As the Complaint currently stands, Defendants have not been provided adequate notice of any potential liabilities and cannot determine the relief Plaintiff seeks or the appropriate applicable standards for Plaintiff's claim(s). As such, Defendants are in a position where they cannot prepare a response and/or defense to the action. Accordingly Defendants' motion should be granted.

## PRIOR PROCEEDINGS

Plaintiff first filed a complaint in Supreme Court, New York County, arising out of the allegations made herein on or about January 4, 2006. *See* Exhibit A.[1] On or about February 6, 2006, Defendants moved to dismiss Plaintiff's first complaint, on the ground, *inter alia,* that the

---

[1] All exhibits referenced herein are attached to the Declaration of Diane Krebs in support of the instant motion, dated November 26, 2007.

Complaint failed to put them on notice as to the specific statute or common law on which the claim against Defendants was based, in violation of CPLR § 3013. *See* Exhibit B, C, and D. Although Plaintiff was given until April 20, 2006 to file opposition papers (*see* Exhibit E), she failed to do so. The Supreme Court dismissed Plaintiff's complaint in May 2006 for failure to file opposition papers. *See* Exhibit F.

Plaintiff then, after almost 17 months, chose to re-file her Complaint. However, she did not make any changes of import concerning the Fifth Cause of Action and did not address the deficiencies noted in Defendants' prior motion. *See* Exhibit G. While Defendants remain confused as to Plaintiff's claim against them, Defendants removed the action to this Court on the basis of Plaintiff's reference to federal Constitutional law. *See* Exhibit H. Defendants did not want to forego their right to litigate this action in federal court, assuming Plaintiff intended, and was able, to state a claim under federal law.

## ARGUMENT

**I.    The Complaint Should Be Dismissed For Failure to Comply With The Requirements Set Forth In The Federal Rules Of Civil Procedure**

    A.    <u>The Complaint Fails To Comply With The Requirements Of Federal Rules Of Civil Procedure 8 (a) and (e)</u>

Federal Rule of Civil Procedure 8(a) requires, *inter alia*, that a pleading "contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief ..." Fed. R. Civ. P. 8(a). "The purpose of this Rule is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Herbert v. Syracuse, N.Y. Welfare Office,* No. Civ. 06-848 (FJS) (GHL), 2006 WL 2794400, at *1 (N.D.N.Y. Sept. 25, 2006) (citations and internal quotation marks omitted).

Plaintiff's Complaint does not comply with the requirements set forth above. First, Plaintiff fails to include in her Complaint a statement of the grounds upon which this Court's jurisdiction depends. *See* Fed. R. Civ. P. 8(a); *see also Pargament v. Fitzgerald,* 272 F. Supp. 553 (S.D.N.Y. 1967) (a plaintiff must allege the ground upon which the court's jurisdiction depends pursuant to Rule 8(a)). Plaintiff here gives no indication in her Complaint as to the

statutory or other basis for federal jurisdiction.[2] The Fifth Cause of Action, the only cause of action against Defendants, contains several conclusory statements regarding equal protection and what appears to be hostile environment harassment and retaliation claims, but it does not specify under what law such claims are brought. For example, in paragraphs 63 and 65, Plaintiff claims Defendants permitted Steven Barritz to "deprive plaintiff of her constitutional right to equal protection under the law," but does not specify the source of that protection or the pertinent cause of action to enforce it. Similarly, in paragraph 64, Plaintiff claims Defendants' actions were in violation of "applicable state and federal statutes protecting the rights of employees" – yet she does not identify the statutes to which she is referring. Finally, in paragraph 67, Plaintiff inexplicably claims Defendants – which are private companies – "acted under the color of state law."[3]

The Complaint also fails to comply with Rules 8(a) and (e) because it does not provide a simple, concise and direct statement of the claims alleged against Defendants. As stated by this Court in *Lynn v. Valentine*, 19 F.R.D. 250 (S.D.N.Y. 1956), "[s]implicity in form is the cardinal rule with respect to pleadings." The Complaint in this case violates this rule because it fails, in a clear, direct and understandable manner, to distinguish the causes of action and to specify the facts that give rise to each cause of action.

As a result of the aforementioned deficiencies, the Complaint does not give fair notice to Defendants of the claims being asserted and thus does not allow Defendants to prepare an adequate defense. Defendants IBM and Isogon cannot determine the law or laws upon which

---

[2]   Defendants are mindful that this action is before this Court because Defendants removed from state court. As stated above, Defendants removed the action on the basis of Plaintiff's reference to the Constitution and her blanket assertion that Defendants have violated "federal law" because Defendants did not want to lose their right to be heard in federal court. *See* Complaint, ¶¶ 63, 64. The fact that the Complaint presented a possible basis for removal, however, does not preclude Defendants from challenging the Complaint for failure to comply with the federal pleading requirements, especially when the vague nature of the pleading prejudices Defendants' ability to respond.

[3]   To the extent Plaintiff alleges a deprivation of her "constitutional right to equal protection under the law," no such claim exists against a private defendant, such as IBM and Isogon. Neither defendant is connected with the state, nor is there any basis for the assertion that they acted under color of state law. *See, e.g., Lown v. Salvation Army, Inc.*, 393 F. Supp. 2d 223, 241 (S.D.N.Y. 2005) (plaintiff could not hold private defendant liable pursuant to the equal protection clause unless plaintiff alleged facts suggesting that private defendant was engaged in state action). Moreover, construing Plaintiff's Complaint to assert a claim under Title VII, the claim would also fail because Plaintiff has not filed a Charge of Discrimination with the EEOC. *See Weeks v. N.Y. State (Div. of Parole)*, 273 F.3d 76, 82 (2d Cir. 2001) (requiring a Title VII claimant to file an administrative charge within 300 days of the alleged discriminatory conduct); *Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993) ("When a plaintiff fails to file a timely charge with the EEOC, the claim is time-barred"). Plaintiff has not – and cannot – allege that she has filed such a Charge, and the time for filing such a Charge has long since passed.

Plaintiff seeks relief or the standards applicable to her cause(s) of action against Defendants. Considering state and federal laws may contain different applicable standards, permit different forms of recovery, and may be subject to different defenses, Defendants are unable to prepare a response or defense unless Plaintiff gives them notice of her basis for relief.

    B.    <u>The Complaint Fails To Comply With The Requirements Of Federal Rule Of Civil Procedure 10(b)</u>

Rule 10 of the Federal Rules of Civil Procedure provides, in relevant part:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth.

Fed.R.Civ.P. 10(b). Rule 10 "was designed 'to facilitate[ ] the clear presentation of the matters set forth,' so that allegations might easily be referenced in subsequent pleadings." *Phillips v. Girdich,* 408 F.3d 124, 128 (2d Cir. 2005) (quoting Fed.R.Civ.P. 10(b)).

In the present case, the Complaint violates Rule 10(b) because the contents of material paragraphs in the Complaint refer to various sets of circumstances alleged by Plaintiff, and the causes of action appear to be founded upon a number of separate transactions or occurrences. Plaintiff's Fifth Cause of Action in particular appears to present a number of potential claims premised upon different legal theories which require different pleading and proof. Accordingly, to the extent this cause of action alleges claims founded upon different sets of circumstances, Rule 10(b) requires that they be stated in separate counts in the Complaint. The Complaint, as it stands, presents an unnecessary and undue burden for Defendants to answer the Complaint and to assert their defenses. *See Gonzales v. Wing,* 167 F.R.D. 352, 355 (N.D.N.Y. 1996) ("A complaint that fails to comply with these Rules presents too heavy a burden for the defendants in shaping a comprehensive defense, provides no meaningful basis for the court to assess the sufficiency of the plaintiff's claims, and is properly subject to dismissal").

In sum, Plaintiff's Complaint fails to meet the most basic pleading standards, to the detriment of Defendants' ability to adequately respond. The Complaint should thus be dismissed.

## II.  In The Alternative, Plaintiff Should Be Directed To Amend Her Complaint To Provide A More Definite Statement

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement if a pleading to which a responsive pleading is permitted is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). As stated previously, the instant Complaint fails to specify the allegations in a manner that provides Defendants with sufficient notice of the claims alleged. Requiring Defendants to formulate a response to the Complaint in its current form presents an undue and unnecessary burden, as Defendants cannot ascertain what causes of action Plaintiff intends to pursue against Defendants and on what grounds she intends to pursue them. Accordingly, Plaintiff should be ordered by the Court to file and serve an amended Complaint containing more a more definite statement of her cause(s) of action against IBM and Isogon.

Although this may, at first blush, appear to be promoting form over substance, Plaintiff's pleading deficiencies create a very real prejudice to Defendants. Different statutes and/or common law causes of action contain varying elements of proof, standards of analysis, available damages, and affirmative and other defenses. Plaintiff's pleading defects could result in a missed opportunity to dismiss or narrow the Complaint, the waiver of an affirmative defense, or a failure to pursue the development of a critical area of discovery unknown to Defendants to be relevant. Legal proceedings are not guessing games, and Defendants should not have to be telepathic to determine the statutes or common law they are accused of violating.

Defendants specifically request that Plaintiff be directed to specify under what statute(s) and/or law(s) she seeks relief against Defendants and specify each and every cause of action against Defendants in separate counts in the Complaint, assuming Plaintiff intends to allege more than one cause of action against Defendants. Defendants also respectfully request any additional clarification the Court deems just and proper.

## **CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that the Complaint be dismissed or, in the alternative, that Plaintiff be directed to provide a more definite statement in order to enable Defendants to effectively respond to and defend this action.

Dated: New York, New York
       November 26, 2007

                                        Respectfully submitted,

                                        GORDON & REES LLP

                                        By: _____
                                              Diane Krebs (DK 8280)
                                              Attorneys for Defendants
                                              IBM and Isogon Corporation
                                              90 Broad Street
                                              23rd Floor
                                              New York, NY 10004
                                              (212) 269.5500

TO:    Robert D. Goner, Esq.
         BUNTING, GONER & ASSOCIATES P.C.
         *Attorneys for Plaintiff*
         1983 Marcus Avenue, Suite 117
         Lake Success, New York 11042
         (516) 358-8825

         Joseph J. Ortego, Esq.
         Thomas M. Mealiffe, Esq.
         NIXON PEABODY LLP
         *Attorneys for Defendants*
         *Steven Barritz and Robert Barritz*
         50 Jericho Quadrangle
         Jericho, New York 11753
         (516) 832-7500

         Tetragon, LLC
         57 Ira Place
         Syosset, NY