

# NIXON PEABODY LLP
### ATTORNEYS AT LAW

50 Jericho Quadrangle
Suite 300
Jericho, New York 11753-2728
(516) 832-7500
Fax: (516) 832-7555

Thomas M. Mealiffe

E-Mail: tmealiffe@nixonpeabody.com



**MEMO ENDORSED**

November 27, 2007

**VIA FACSIMILE**

Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

RE: Fjeld v. IBM, et al.
<u>Civil Action No. 07-10355</u>

Dear Judge McMahon:

> 11/28/07
> Why would I want to sort through two sets of motion papers, when all you need to do is transfer your argument about the Second Cause of Action (using the "copy" and "paste" functions in your computer software) into a single brief? Is that a sufficiently clear instruction?

We represent the individual defendants Robert Barritz and Steven Barritz (collectively the "Barritz Defendants") in the above-referenced matter. We write to inquire as to how the Court would prefer the Barritz Defendants submit their Amended Motion to Dismiss, which has become necessary as a result of the removal of this action to this Court.

On November 7, 2007, the Barritz Defendants filed a Motion to Dismiss in lieu of Answer with the Clerk of the Court for the Supreme Court of the State of New York, New York County. (A copy of said Motion was annexed to Defendants IBM and Isogon's Removal papers). The Barritz Defendants moved to dismiss plaintiff's First and Third Causes of Action based upon plaintiff's failure to meet the pleading standards as set forth in the New York Civil Practice Law and Rules. With the action subsequently removed to Federal court and now governed by Federal procedure, the Barritz Defendants intend to file an amended Motion to Dismiss to address plaintiff's failure to meet Federal pleading requirements.

However, the Barritz Defendants' also moved to dismiss plaintiff's Second Cause of Action based upon New York substantive law, which remains applicable after the removal. Namely, the Barritz Defendants seek dismissal of plaintiff's Second Cause of Action for intentional infliction of emotional distress, due to its untimeliness under New York statute of limitations, as well as its failure to meet the standards established under New York substantive law.

10816595.1

Honorable Colleen McMahon
November 27, 2007
Page 2

    Accordingly, please advise whether your Honor would prefer that we re-brief the state law issues in our Amended Motion, or, in the alternative, that we simply refer the Court to our original motion for those issues still governed by New York law.

    We thank the Court for its attention to this matter.

                                     Respectfully submitted,

                                     Thomas M. Mealiffe

cc:

Robert D. Goner, Esq.
BUNTING, GONER & ASSOCIATES P.C.
*Attorneys for Plaintiff*
1983 Marcus Avenue, Suite 117
Lake Success, New York 11042

Diane Krebs, Esq.
GORDON & REES, LLP
*Attorneys for Defendants IBM and Isogon Corporation*
90 Broad Street
23rd Floor
New York, New York 10004

10816595.1

NIXON PEABODY LLP