UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHRYN FJELD,

                                         Plaintiff,

- against -

                                         07 Civ. 10355 (CM/HBP)

INTERNATIONAL BUSINESS MACHINES, INC.,
d/b/a IBM, ISOGON CORPORATION,
TETRAGON, L.L.C., STEVEN BARRITZ,
ROBERT BARRITZ,

                                         Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS STEVEN BARRITZ AND
ROBERT BARRITZ'S AMENDED MOTION TO DISMISS,
OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Nixon Peabody LLP
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500

10815777.1

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

FACTS AND PROCEDURAL HISTORY.....................................................................................2

ARGUMENT...................................................................................................................................3

I. Plaintiff's Second Cause of Action for Intentional Infliction of Emotional
   Distress Fails as a Matter of Law...........................................................................................3

   A. The Statute of Limitations Bars Plaintiff's Claim for Intentional Infliction of
      Emotional Distress..........................................................................................................3

   B. Plaintiff Fails to Allege "Extreme and Outrageous Conduct.".........................................4

II. Plaintiffs First and Third Causes of Action Fail to Meet the Pleading Standards Set Forth in
    the Federal Rules of Civil Procedure................................................................................... 7

   A. Plaintiff Fails to Provide Fair Notice of the Nature of Her Claims.. ............................... 8

   B. Plaintiff Fails to Provide Fair Notice of the Grounds Upon Which Her Claims Rest. ..... 10

III. Plaintiff's Complaint Fails to Meet the Requirements Set Forth in Federal Rule of Civil
     Procedure 10(b) ................................................................................................................11

CONCLUSION............................................................................................................................ 11

# TABLE OF AUTHORITIES

## STATUTES

Page

Fed. R. Civ. P. 8 .................................................................................................. 7, 10

NY CPLR § 205 (2007) .............................................................................................. 4

NY CPLR § 215 (2007) .............................................................................................. 3

## FEDERAL CASES

Amron v. Morgan Stanley Investment Advisors Inc., 464 F.3d 338 (2d Cir. 2006) ....... 10

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 167 L. Ed. 2d 929, 2007 U.S.
    LEXIS 5901 (May 21, 2007) ................................................................... 7, 8, 10

Boyce v. New York City Mission Society, 963 F. Supp. 290 (S.D.N.Y. 1997) ............ 6

Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99 (1957) .................................................. 7

Lown v. Salvation Army, Inc., 393 F. Supp.2d 223 (S.D.N.Y. 2005) ....................... 11

Mariani v. Consolidated Edison Co., 982 F. Supp. 2673 (S.D.N.Y. 1997) .............. 3

Ponticelli v. Zurich Am. Ins. Group, 16 F. Supp.2d 414 (S.D.N.Y. 1998) ............... 5

Salahuddin v. Cuomo, 861 F.2d 40 (2d Cir. 1988) ................................................. 7, 9

Simmons v. Abruzzo, 49 F.3d 83 (2d Cir. 1995) .................................................... 8, 9

Whyte v. Contemporary Guidance Services, Inc., 2004 U.S. Dist. LEXIS 12447
    (S.D.N.Y. June 30, 2004) .................................................................................. 7

## STATE CASES

Foley v. Mobile Chemical Co., 214 A.D.2d 1003, 626 N.Y.S.2d 906
    (4th Dep't 1995) ............................................................................................... 6

Harville v. Lowville Central School District, 245 A.D.2d 1106, 667 N.Y.S.2d 175
    (4th Dep't 1997) ............................................................................................... 5

Howell v. New York Post Co., 81 N.Y.2d 115, 596 N.Y.S.2d 350 (1993) ............. 4, 5

McIntyre v. Manhattan Ford, 256 A.D.2d 269, 682 N.Y.S.2d 167 (1st Dep't
    1998) ................................................................................................................ 4

Misek-Falkoff v. Keller, 153 A.D.2d 841, 545 N.Y.S.2d 360 (2d Dep't 1989)..............3, 6

Murphy v. American Home Products Corp., 58 N.Y.2d 293, 461 N.Y.S.2d 232
    (1983).........................................................................................................................5

Weisman v. Weisman, 108 A.D.2d 853, 485 N.Y.S.2d 570 (2d Dep't. 1985) ..............3

Wilson v. DiCaprio, 278 A.D.2d 25, 717 N.Y.S.2d 174 (1st Dep't 2000).........................6

Case 1:07-cv-10355-CM   Document 14   Filed 11/30/2007   Page 4 of 16

## PRELIMINARY STATEMENT

Defendants Steven Barritz and Robert Barritz (collectively "Defendants") moved to dismiss Plaintiff's Complaint while the action was pending in the Supreme Court of the State of New York, New York County. The action was subsequently removed to this Court by co-defendants IBM and Isogon Corporation. With Federal procedure now governing certain issues in this matter, Defendants now Amend their Motion to Dismiss.

Plaintiff's First, Second, and Third Causes of Action against Defendants must be dismissed, as they each contain fatal flaws, of which plaintiff was aware as a result of Defendant's motion to dismiss plaintiff's prior, equally flawed complaint. Plaintiff's Second Cause of Action against Steven Barritz for intentional infliction of emotional distress is time barred, as the statute of limitations for this intentional claim expired over one year ago.[1] Moreover, even if timely, plaintiff's claim for intentional infliction of emotional distress would still fail, as plaintiff does not allege conduct the meets the well-established threshold for extreme and outrageous conduct under New York law.

Plaintiff's First and Third Causes of Action against Defendants must also be dismissed, as plaintiff does not provide fair notice of the statutory or other basis for her claims. Plaintiff's vague allegations disguise the nature of her claims and the necessary elements of those claims. Provided no notice as to the causes of action being brought against them, Defendants are deprived the opportunity to conduct an appropriate analysis of the claims and formulate an appropriate defense. Plaintiff brings these causes of action aware of their deficiencies, as they were addressed not only in Defendant's prior motion to dismiss, but also in a prior motion to

---

[1] Defendant Steven Barritz reserves the right to dispute service of process in this matter, and does not consent to the personal jurisdiction of the Court through this Motion.

dismiss brought by co-defendants IBM and Isogon Corporation. Nevertheless, plaintiff has served the same deficient Complaint compelling Defendants to once again respond.

## FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that she was sexually harassed by a co-worker, while working as a Product Manager for defendant Isogon between April 1996 and April 2005. Declaration of Thomas M. Mealiffe ("Mealiffe Dec."), Exhibit "A", ¶9. The alleged harassment consisted of email communications between plaintiff and defendant Steven Barritz, an Isogon employee and son of defendant Robert Barritz, an Isogon shareholder. Plaintiff does not allege any touching or attempted touching on the part of Steven Barritz. However, plaintiff alleges that she was terminated by Isogon, as a result of her complaints concerning Steven Barritz. Mealiffe Dec., Exhibit "A", ¶41. The present Complaint is plaintiff's second attempt to bring an action based on these allegations.

Plaintiff previously commenced an action on or about January 4, 2006 alleging the same causes of action against Defendants. Mealiffe Dec., Ex. "B". Defendants moved to dismiss plaintiff's Complaint on February 7, 2006. Mealiffe Dec., Ex. "C". Co-defendants IBM and Isogon made a similar motion, which Defendants joined. Mealiffe. Dec., Ex. "D". On March 23, 2006, plaintiff and Defendants entered into a stipulation whereby plaintiff agreed to amend her complaint by April of 2006, in order to clarify her claims. Mealiffe Dec., Ex "E". Plaintiff failed to serve an amended complaint during this time. On May 11, 2006, the Court dismissed plaintiff's complaint without prejudice. Mealiffe Dec., Ex. "F".

On or about September 24, 2007, plaintiff filed the present Complaint with the identical causes of action against Defendants. Mealiffe Dec., Ex. "A". Plaintiff made no attempt to clarify her claims, failing once again to provide a complaint that put Defendants on notice of

both the claims being made and the facts that support those claims. On November 7, 2007, Defendants moved before the Supreme Court of the State of New York, New York County to dismiss the First, Second, and Third Cause of Action. Mealiffe Dec. Ex. "G". Subsequently, on November 15, 2007, co-defendants IBM and Isogon Corporation removed the action to Federal Court based upon federal question.

## ARGUMENT

I.  **Plaintiff's Second Cause of Action for Intentional Infliction of Emotional Distress Fails as a Matter of Law.**

   A.  The Statute of Limitations Bars Plaintiff's Claim for Intentional Infliction of Emotional Distress.

Plaintiffs' claim sounding in intentional infliction of emotional distress clearly falls outside of the statute of limitations as set forth in New York Civil Procedure Law and Rules, and must therefore be dismissed. It is clear that a cause of action for intentional infliction of emotional distress is limited to conduct that occurred within the one-year period immediately preceding the commencement of the action. NY CPLR 215(3) (2007); Mariani v. Consolidated Edison Co., 982 F. Supp. 267, 273 (S.D.N.Y. 1997) ("when applying the one year statue of limitations to claims of intentional infliction of emotional distress, all acts occurring before the limitations period are excluded from consideration"); see also Misek-Falkoff v. Keller, 153 A.D.2d 841, 545 N.Y.S.2d 360 (2d Dep't 1989); Weisman v. Weisman, 108 A.D.2d 853, 485 N.Y.S.2d 570 (2d Dep't. 1985).

Plaintiff's cause of action for intentional infliction of emotional distress is premised upon purported repeated conduct throughout the 7 years she worked with defendant Steven Barritz at Isogon. See Mealiffe Dec., Ex. "A", ¶¶ 9 and 13. However, plaintiff's employment with defendant Isogon ended in April 2005, and, therefore, none of the conduct alleged in the Complaint occurred within one year of the commencement of this action in September 2007. In

fact, plaintiff commenced this action more than two years after she ceased working for defendant Isogon and with defendant Steven Barritz.

The majority of plaintiff's allegations were outside the statute of limitations period at the time of the filing of her prior complaint in January 2006. See Mealiffe Dec., Ex. "C". Now, nearly two years later, each and every allegation made by plaintiff regarding the conduct of Steven Barritz is not actionable, as all alleged acts occurred outside the applicable limitations period. Incredibly, plaintiff brought this untimely action, despite being informed of the one year limitations period and relevant New York caselaw in Defendants' Motion to Dismiss the prior complaint. See Mealiffe Aff., Ex "C". Moreover, plaintiff failed to preserve the few timely allegations present in the prior complaint, by not recommencing the action within six months of the May 2006 dismissal. See NY CPLR § 205 (2007). Since 18 months have passed since that dismissal, the current Complaint cannot relate back to the filing of the prior complaint for statute of limitations purposes. Therefore, the second cause of action must be dismissed with prejudice in its entirety.

B.   Plaintiff Fails to Allege "Extreme and Outrageous Conduct."

In addition to falling grossly outside of the statute of limitations period, plaintiff's Complaint fails to allege conduct that meets the "rigorous[] and difficult to satisfy" requirements for a claim for intentional infliction of emotional distress in New York. Howell v. New York Post Co., 81 N.Y.2d 115, 122, 596 N.Y.S.2d 350, 353 (1993). Indeed, "intentional infliction of emotional distress is a theory of recovery that is to be invoked only as a last resort." McIntyre v. Manhattan Ford, 256 A.D.2d 269, 270, 682 N.Y.S.2d 167, 169 (1st Dep't 1998). The standard is so stringent that the Court of Appeals has noted that "of the intentional infliction of emotional distress claims considered by this Court, every one has failed because the alleged conduct was not sufficiently outrageous." Howell, 81 N.Y.2d at 122, 596 N.Y.S.2d at 353.

To establish a claim for intentional infliction of emotional distress, four elements must be present: (1) extreme and outrageous conduct; (2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and injury; and (4) severe emotional distress. Howell, 81 N.Y.2d at 121, 596 N.Y.S.2d at 353. The first of these elements – extreme and outrageous conduct – is, in the first instance, an issue for the court to decide as a matter of law. Harville v. Lowville Central School Dist., 245 A.D.2d 1106, 1107, 667 N.Y.S.2d 175, 177 (4th Dep't 1997). To satisfy this element, the conduct alleged must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Murphy v. American Home Prods. Corp., 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232, 236 (1983) (quoting Restatement [Second] Torts, §46, comment d). Stated another way, the conduct "must consist of more than insults, indignities and annoyances." Harville, 245 A.D.2d at 1107, 667 N.Y.S.2d at 177.

In particular, there can be no emotional distress recovery for mere profanity or abuse, such as that alleged by plaintiff herein. Prosser, Torts §12 at 54 [4th Ed.]. Here, plaintiff's Complaint merely alleges that Steven Barritz sent plaintiff harassing emails. She makes no claims of physical or other abuse by defendant. Thus, plaintiff's allegations do not, as a matter of law, amount to the type of "reprehensible behavior" that is "utterly intolerable in a civilized society" and for which the "emotional distress" cause of action was formulated to redress. Howell, 81 N.Y.2d at 122, 596 N.Y.S.2d at 353. Indeed, far more unseemly conduct has been found insufficient to meet the rigorous requirements of this cause of action. See e.g., Ponticelli v. Zurich Am. Ins. Group, 16 F. Supp. 2d 414 (S.D.N.Y. 1998) (finding defendant's yelling at plaintiff, calling her "stupid" and "foolish", and "fucking bitch" and pushing her into a filing

cabinet did not constitute extreme or outrageous conduct); Wilson v. DiCaprio, 278 A.D.2d 25, 25-26, 717 N.Y.S.2d 174, 175-176 (1st Dep't 2000) (intentional infliction claim based on defendant's intentional incitement and participation in group assault and battery properly dismissed because it was not "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community"); Foley v. Mobile Chemical Co., 214 A.D.2d 1003, 1004-05, 626 N.Y.S.2d 906, 907-908 (4th Dep't 1995) (allegations of battery and sexual harassment "not so outrageous in character" to constitute intentional infliction of distress); Misek-Falkoff, 153 A.D.2d at 842, 545 N.Y.S.2d at 362 (telling plaintiff's supervisors and co-employees that plaintiff had criminally assaulted defendant, and stating that she needed psychiatric treatment, likening her to an emotionally disturbed child, did not rise to level of intentional infliction of emotional distress).

Boyce v. New York City Mission Society, 963 F. Supp. 290, 297 (S.D.N.Y. 1997), is instructive here. In Boyce, the plaintiff brought an intentional infliction of emotional distress claim against the defendants. The plaintiff claimed that the defendants engaged in acts against her which included "yelling, cursing, belittling her doctoral degree, assigning secretarial duties to her, indicating that she was not liked, pounding on her office door when it was closed, . . . indicating that [one of them] would put his foot up her ass[,] . . . termination of her employment[,] and confining her to the office so that she could not leave." Id. at 292, 297.

In dismissing plaintiff's intentional infliction of emotional distress claim, the court stated that "New York courts have imposed a rigorous standard with respect to [intentional infliction of emotional distress claims]." Boyce, 963 F. Supp. at 297. The court found that while the conduct complained of by the plaintiff was "certainly not to be condoned nor considered

acceptable, it does not qualify as being so outrageous and extreme in character that it goes beyond all bounds of decency." Id.

So to, here, although Mr. Barritz's conduct may have been inappropriate, it certainly did not "go[] beyond all bounds of decency." Simply stated, the alleged conduct was not extreme and outrageous under New York law, and therefore plaintiff's intentional infliction of emotional distress claim should be dismissed.

## II. Plaintiffs First and Third Causes of Action Fail to Meet the Pleading Standards Set Forth in the Federal Rules of Civil Procedure.

Plaintiff's First and Third Causes of Action fail to meet even the liberal pleading requirements of the Federal Rules. Federal Rule of Civil Procedure ("F.R.C.P") 8(a) provides that a pleading must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. This short and plain statement of the claim must provide the adverse party with "fair notice of what the…claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929, 940, 2007 U.S. LEXIS 5901, *21 (May 21, 2007), *quoting* Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957). Plaintiff's Complaint is so vague and confused that Defendants are not provided fair notice as to the nature of the claims within the First and Third Causes of Action. Further, Defendants are provided no indication as to which factual allegations are meant to support the claims made against them. Defendants are therefore denied their right to develop a defense while on notice of the claims being made and the facts on which those claims are grounded. Under these circumstance, dismissal is appropriate. See Whyte v. Contemporary Guidance Services, Inc., 2004 U.S. Dist. LEXIS 12447, *8 (S.D.N.Y. June 30, 2004); see also Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (finding dismissal appropriate under F.R.C.P. 8 when

"the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.")

A. Plaintiff Fails to Provide Fair Notice of the Nature of Her Claims.

Plaintiff falls far short of meeting her obligation to provide Defendants with fair notice of her claims. In both the First and Third Causes of Action, plaintiff alleges that she was deprived of her "constitutional rights to equal protection." See Mealiffe Dec., Ex. "A", ¶¶48, 49, 56, 57. In the following paragraph, plaintiff then alleges that Defendants were acting "under the color of state law" in denying her constitutional rights. See Mealiffe Dec., Ex. "A", ¶¶50, 58. However, in support of these conclusory statements, plaintiff does not point to a single federal, state or city statute that was allegedly violated by Defendants. Indeed, plaintiff provides no indication of the source of the rights of which plaintiff claims she was deprived of by Defendants.

Plaintiff must provide more than "labels and conclusion" to meet her obligation under F.R.C.P. 8(a). Bell Atlantic Corp., 127 S. Ct. at 1965, 167 L.3d.2d at 940, 2000 LEXIS at *21. Thus, plaintiff must do more than simply allege that she was denied her constitutional rights or that Defendants were operating "under the color of state law." Id. Indeed, the United States Supreme Court in Bell Atlantic Corp. v. Twombly held that a "formulaic recitation of the elements of a cause of action will not do." 127 S. Ct. at 1965, 167 L.3d.2d at 940, 2000 LEXIS at *21. Here, plaintiff does not even provide a "formulaic recitation of the elements." In fact, plaintiff provides Defendants with no indication whatsoever of the elements of her claims. By making vague references to both state and federal law, plaintiff implicates numerous statutes which have different elements, potentially different burdens of proof, and different defenses.

The courts requires that pleadings provide fair notice of claims, so that a defendant is not compelled to blindly defend those claims. See Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). Indeed, the Second Circuit has held that fair notice "enable[s] the adverse party to answer

and prepare for trial, allow[s] the application of res judicata, and identif[ies] the nature of the case so it may be assigned the proper form of trial. Simmons, 49 F.3d at 86. Plaintiff's First and Third Causes of Action are so vaguely pled that it is impossible for Defendants to assess plaintiff's claims, determine the relief plaintiff seeks or may be entitled to, plead the appropriate defenses, and generally prepare for trial.

Plaintiff's failure to provide fair notice is even more egregious in light of plaintiff being placed on notice of the inadequacy of the First and Third Causes of Action. Plaintiff previously commenced an action containing the identical causes of action against Defendants. Mealiffe Dec., Ex. "B". Defendants moved to dismiss plaintiff's Complaint, in part due to plaintiff's failure to state a claim. Mealiffe Dec., Ex "C" and Ex "D". Prior to the court dismissing plaintiff's complaint, the parties entered into a Stipulation, whereby plaintiff agreed to amend its complaint to address the deficiencies present therein. Mealiffe Aff., Ex. "E".

However, plaintiff failed to serve an amended complaint in accordance with the Stipulation. Now, more than a year after the dismissal of the prior complaint, plaintiff simply commenced another action with identical causes of action. Plaintiff has made no attempt whatsoever to address the deficiencies in the First and Third Causes of Action, compelling Defendants to expend time, effort and resources to revisit these issues. Under these circumstances, it is appropriate to dismiss plaintiff's Complaint without leave to amend. See Salahuddin, 861 F.2d at 42 (finding dismissal without leave to amend appropriate "where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible.")

B.  Plaintiff Fails to Provide Fair Notice of the Grounds Upon Which Her Claims Rest.

Plaintiff must allege facts necessary to a finding of liability. Amron v. Morgan Stanley Investment Advisors Inc., 464 F.3d 338, 343 (2d Cir. 2006). Indeed, plaintiff is *obligated* to provide the grounds of her entitlement to relief. Bell Atlantic, 127 S. Ct. at 1965, 167 L.3d.2d at 940, 2000 LEXIS at *21 [emphasis added]. Plaintiff fails to meet this obligation in two ways. First, since plaintiff fails to provide notice of the her claims and the elements of those claims, it is impossible for Defendants to correspond the factual allegations in the Complaint with the allegations contained in the First and Third Causes of Action. Second, plaintiff makes bald assertions, without providing any factual support for these allegations. As a result, plaintiff presents a confusing mixture of facts and unidentified claims, thereby failing not only to meet her obligations under F.R.C.P 8(a), but also failing to meet her obligation under F.R.C.P. 8(e) to provide a pleading that is "simple, concise, and direct." Fed. R. Civ. P. 8.

Plaintiffs' Complaint contains four causes of action and makes allegations against five different defendants. In support of the various claims made against these several defendants, plaintiff makes thirty-seven factual allegations disassociated from any particular cause of action. See Mealiffe Dec., Exhibit "A", ¶¶9-45. Plaintiff attempts to incorporate by reference all factual allegations into each cause of action. Id. at ¶¶48 and 54. Thus, Defendants are left to speculate as to which of the factual allegations are meant to support the claims made against them. Consequently, Defendants must decipher not only the nature of the claims that plaintiff is making, but also the factual allegations that plaintiff believes support the unidentified elements of her claims.

Plaintiff also makes allegations that are clearly without support. Plaintiff alleges that Defendants were acting "under the color of state law." See Mealiffe Dec., Ex. "A", ¶¶50, 58.

However, plaintiff provides no facts that even suggest that these two private individuals, working for private companies were engaged in state action. Therefore, any claim that plaintiff is attempting to assert based upon unidentified state action by Defendants is untenable. See Lown v. Salvation Army, Inc., 393 F. Supp.2d 223, 241 (S.D.N.Y. 2005) (finding that a defendant could not be held liable pursuant to the equal protection clause unless plaintiff alleged facts to suggest defendant was engaged in state action).

### III. Plaintiff's Complaint Fails to Meet the Requirements Set Forth in Federal Rule of Civil Procedure 10(b).

Defendants reference and specifically incorporate herein the arguments asserted in the Motion to Dismiss submitted by Gordon & Rees, LLP, counsel for co-defendants IBM and Isogon Corporation.

### CONCLUSION

For all the foregoing reasons, Defendants respectfully request (1) dismissal of plaintiff's Second Cause of Action with prejudice; (2) dismissal of plaintiff's First and Third Causes of Action without leave to amend, or (3) in the alternative, that plaintiff be directed to provide a more definite statement with regard to the First and Third Causes of Action in order to enable Defendants to respond to and defend this action.

Dated: Jericho, New York
      November 29, 2007

                              NIXON PEABODY LLP

                              By: _____
                              Joseph J. Ortego (JO 3839)
                              Thomas M. Mealiffe (TM 7369)
                              *Attorneys for Defendants*
                              *Steven Barritz and Robert Barritz*
                              50 Jericho Quadrangle
                              Jericho, New York 11753
                              (516) 832-7500

TO:  Gerald A. Bunting, Esq.
     Bunting, Goner & Associates PC
     1983 Marcus Avenue, Suite 117
     Lake Success, NY 11042
     (516) 358-8825

     Diane Krebs, Esq.
     Gordon & Rees LLP
     Attorneys for Defendants
     IBM, Isogon Corporation
     90 Broad Street, 23rd Floor
     New York, NY 10004
     (212) 239-5500

     Tetragon, LLC
     57 Ira Place
     Syosset, New York 11791