UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHRYN FJELD,

                                    Plaintiff,

- against -

                                      07 Civ. 10355 (CM/HBP)

INTERNATIONAL BUSINESS MACHINES, INC.,
d/b/a IBM, ISOGON CORPORATION,
TETRAGON, L.L.C., STEVEN BARRITZ,
ROBERT BARRITZ,

                                    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT TETRAGON L.L.C.'S MOTION
<u>TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Nixon Peabody LLP
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 832-7500

10823736.1

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT ..................................................................................................... 1

FACTS AND PROCEDURAL HISTORY ...................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I. Plaintiff's Fifth Cause of Action Fails to Meet the Pleading Standards Set Forth in the Federal Rules of Civil Procedure........................................................................................................ 2

   A.   Plaintiff Fails to Provide Fair Notice of the Nature of Her Claim. .................................... 3

   B.   Plaintiff Fails to Provide Fair Notice of the Grounds Upon Which Her Claim Rests. ........ 6

II. Plaintiff's Complaint Fails to Meet the Requirements Set Forth in Federal Rule of Civil Procedure 10(b)........................................................................................................................ 7

III. In the Alternative, Plaintiff Should be Directed to Amend Her Complaint to Provide a More Definite Statement ........................................................................................................ 7

CONCLUSION ............................................................................................................................... 8

# TABLE OF AUTHORITIES

## STATUTES

Page

Fed. R. Civ. P. 8 ................................................................................................2, 6

Fed. R. Civ. P. 10 ..................................................................................................7

## FEDERAL CASES

Amron v. Morgan Stanley Investment Advisors Inc., 464 F.3d 338 (2d Cir. 2006)..........6

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 167 L. Ed. 2d 929, 2007 U.S.
    LEXIS 5901 (May 21, 2007)...................................................................2, 4, 6

Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99 (1957)...........................................2

Lown v. Salvation Army, Inc., 393 F. Supp.2d 223 (S.D.N.Y. 2005) ................. 7

Salahuddin v. Cuomo, 861 F.2d 40 (2d Cir. 1988)........................................3, 5

Simmons v. Abruzzo, 49 F.3d 83 (2d Cir. 1995)............................................... 4

Whyte v. Contemporary Guidance Services, Inc., 2004 U.S. Dist. LEXIS 12447
    (S.D.N.Y. June 30, 2004)................................................................ 3

## PRELIMINARY STATEMENT

Plaintiff's Fifth Cause of Action against defendant Tetragon L.L.C. ("Tetragon") must be dismissed, as plaintiff does not provide fair notice of the statutory or other basis for her claims. Tetragon specifically references and incorporates herein the arguments asserted in the Motion to Dismiss submitted by Gordon & Rees, LLP, counsel for co-defendants IBM and Isogon Corporation.

Plaintiff's vague allegations disguise the nature of her claim against Tetragon, including both the necessary elements and factual support for that claim. Plaintiff references both state and federal law in the single cause of action alleged against Tetragon, though plaintiff fails to name a single statute that was allegedly violated by Tetragon. Moreover, plaintiff's Complaint is presented in such a confused matter that Tetragon cannot determine what factual allegations are made in support of her unidentified claim. Tetragon is denied fair notice of plaintiff's claim, and is deprived the opportunity to develop an appropriate defense. Plaintiff brings this cause of action aware of its deficiencies, as they were addressed in a prior motion to dismiss brought by co-defendants IBM and Isogon Corporation ("Isogon"). Nevertheless, plaintiff has once again filed a deficient Complaint.

## FACTS AND PROCEDURAL HISTORY

Plaintiff alleges that she was sexually harassed by a co-worker, while working as a Product Manager for defendant Isogon between April 1996 and April 2005. Declaration of Thomas M. Mealiffe ("Mealiffe Dec."), Exhibit "A", ¶9. The alleged harassment consisted of email communications between plaintiff and defendant Steven Barritz, an employee of co-defendant Isogon. Plaintiff does not allege any touching or attempted touching on the part of Steven Barritz. However, plaintiff alleges that she was terminated by Isogon, as a result of her

10823736.1

complaints concerning Steven Barritz. Mealiffe Dec., Exhibit "A", ¶41. The present Complaint is plaintiff's second attempt to bring an action based on these allegations.

Plaintiff previously commenced an action on or about January 4, 2006 alleging the same cause of action against Tetragon. Mealiffe Dec., Ex. B. However, Tetragon was never served in that action. On or about February 9, 2006, co-defendants IBM and Isogon moved to dismiss the Fifth Cause of Action due to plaintiff's failure to properly state a claim. Mealiffe. Dec., Ex. "C". Plaintiff then entered into a stipulation with co-defendants, whereby plaintiff agreed to amend her complaint by April 20 2006, in order to "correct deficiencies noted in Defendants' Motion to Dismiss". Mealiffe Dec., Ex "D". Plaintiff failed to serve an amended complaint during this time. On May 11, 2006, the Court dismissed plaintiff's complaint against co-defendants IBM and Isogon without prejudice, and noted that their was no proof of service on Tetragon. Mealiffe Dec., Ex. "E". The court provided plaintiff with 60 days to provide such proof of service, though plaintiff declined to do so. On or about September 24, 2007, plaintiff filed the present Complaint, which also contains a deficient Fifth Cause of Action.

## ARGUMENT

**I.      Plaintiff's Fifth Cause of Action Fails to Meet the Pleading Standards Set Forth in the Federal Rules of Civil Procedure.**

Plaintiff's Fifth Cause of Action fails to meet even the liberal pleading requirements of the Federal Rules. Federal Rule of Civil Procedure ("F.R.C.P") 8(a) provides that a pleading must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. This short and plain statement of the claim must provide the adverse party with "fair notice of what the…claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 167, L. Ed. 2d 929, 940, 2007 U.S. LEXIS 5901, *21 (May 21, 2007), *quoting* Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957).

Plaintiff filed a Complaint that is so vague and confused that Tetragon is not provided fair notice as to the nature of the claim within the Fifth Cause of Action. Moreover, Tetragon is provided no indication as to which factual allegations are meant to support the claims made against it. Plaintiff alleges that Tetragon is the successor in interest of co-defendant Isogon. Mealiffe Dec., Exhibit "A", ¶5. However, plaintiff does not provide a single other factual allegation that even suggests a connection between Tetragon and Isogon. Tetragon is left to guess how plaintiff alleges it was involved in plaintiff's employment with Isogon. Left with only speculation, Tetragon is denied its right to develop a defense while on notice of the claims being made and the facts on which those claims are grounded. Under these circumstance, dismissal is appropriate. See Whyte v. Contemporary Guidance Services, Inc., 2004 U.S. Dist. LEXIS 12447, *8 (S.D.N.Y. June 30, 2004); see also Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (finding dismissal appropriate under F.R.C.P. 8 when "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.")

A.  Plaintiff Fails to Provide Fair Notice of the Nature of Her Claims.

Plaintiff falls far short of meeting her obligation to provide Tetragon with fair notice of her claim. In the Fifth Cause of Action, plaintiff alleges that she was deprived of her "constitutional rights to equal protection." See Mealiffe Dec., Ex. "A", ¶63. Plaintiff also alleges that Tetragon was acting "under the color of state law" in denying her constitutional rights. See Mealiffe Dec., Ex. "A", ¶67. However, in support of these conclusory statements, plaintiff does not point to a single federal, state or city statute that was allegedly violated by Tetragon. While plaintiff alleges that the actions of defendants were in contravention of that "applicable state and federal statutes," plaintiff declines to enlighten Tetragon as to which state and federal laws she alleges were violated by Tetragon, or its alleged predecessor Isogon. See Mealiffe Dec., Ex "A", ¶64. Indeed, plaintiff declines to provide Tetragon with any information

that allows Tetragon to pinpoint not only the claim being made against it, but also the elements of that claim.

Plaintiff must provide more than "labels and conclusion" to meet her obligation under F.R.C.P. 8(a). Bell Atlantic Corp., 127 S. Ct. at 1964. Thus, plaintiff must do more than simply allege that she was denied her constitutional rights or that Tetragon was operating "under the color of state law." Id. Indeed, the United States Supreme Court in Bell Atlantic Corp. v. Twombly held that a "formulaic recitation of the elements of a cause of action will not do." 127 S. Ct. at 1964. Here, plaintiff does not even provide a "formulaic recitation of the elements." In fact, plaintiff provides Tetragon with no indication whatsoever of the elements of her claim. By making vague references to both state and federal law, plaintiff implicates numerous statutes which have different elements, potentially different burdens of proof, and different defenses.

The courts require that pleadings provide fair notice of claims, so that a defendant is not compelled to blindly defend those claims. See Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). Indeed, the Second Circuit has held that fair notice "enable[s] the adverse party to answer and prepare for trial, allow[s] the application of res judicata, and identif[ies] the nature of the case so it may be assigned the proper form of trial. Simmons, 49 F.3d at 86. Plaintiff's Fifth Cause of Action is so vaguely pled that it is impossible for Tetragon to assess plaintiff's claim, determine the relief plaintiff seeks or may be entitled to, plead the appropriate defenses, and generally prepare for trial.

Plaintiff's failure to provide fair notice is even more egregious in light of plaintiff being placed on notice of the inadequacy of the Fifth Cause of Action. Plaintiff previously commenced an action with a nearly identical complaint. Mealiffe Dec., Ex. "B". While Tetragon was never served in that action, co-defendants, including

Tetragon's supposed predecessor Isogon, moved to dismiss the Fifth Cause of Action. See Mealiffe Dec., Exhibit "C". Plaintiff thereafter entered into a Stipulation with co-defendant Isogon, whereby plaintiff was given an opportunity to address the deficiencies in her complaint. See Mealiffe Dec., Exhibit "D". Plaintiff however declined this opportunity and never served an amended Complaint addressing these deficiencies. Now, more than a year after the dismissal of the prior complaint, plaintiff simply commenced another action with the same deficient cause of action.

While plaintiff has included two new allegations within the Fifth Cause of Action, these new allegations do not clarify plaintiff's claim against Tetragon. See Mealiffe Dec., Exhibit "A", ¶¶64, 65. In fact, these new allegations only succeed in adding to the confusion, by specifically stating that both state and federal law were violated by defendants, without identifying what state or federal statutes were violated. See Mealiffe Dec, Exhibit "A", ¶64. Similarly, plaintiff adds a few words and phrases, such as "retaliation" and "hostile work environment," without identifying a legal claim to which they might apply. See Mealiffe Dec, Exhibit "A", ¶¶65, 66. The inclusion of legal buzz words and references to unidentified state and federal laws do not provide defendant Tetragon adequate notice, allowing for the development of a proper defense. In fact, such confused pleading impairs Tetragon's ability to develop a defense. Under these circumstances, it is appropriate to dismiss plaintiff's Complaint without leave to amend. See Salahuddin, 861 F.2d at 42 (finding dismissal without leave to amend appropriate "where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible.")

B.  Plaintiff Fails to Provide Fair Notice of the Grounds Upon Which Her Claims Rest.

Plaintiff must allege facts necessary to a finding of liability. Amron v. Morgan Stanley Investment Advisors Inc., 464 F.3d 338, 343 (2d Cir. 2006). Indeed, plaintiff is *obligated* to provide the grounds of her entitlement to relief. Bell Atlantic, 127 S. Ct. at 1965 [emphasis added]. Plaintiff fails to meet this obligation in two ways. First, since plaintiff fails to provide notice of her claim and the elements of that claim, it is impossible for Tetragon to correspond the factual allegations in the Complaint with the allegations contained in the Fifth Cause of Action. Second, plaintiff makes bald assertions, without providing any factual support for these allegations. As a result, plaintiff presents a confusing mixture of facts and unidentified claims, thereby failing not only to meet her obligations under F.R.C.P 8(a), but also failing to meet her obligation under F.R.C.P. 8(e) to provide a pleading that is "simple, concise, and direct." Fed. R. Civ. P. 8.

Plaintiffs' Complaint contains four causes of action and makes allegations against five different defendants. In support of the various claims made against these several defendants, plaintiff makes thirty-seven factual allegations disassociated from any particular cause of action. See Mealiffe Dec., Exhibit "A", ¶¶9-45. Thus, each defendant is left to speculate as to which of the factual allegations are meant to support the claims made against them. Consequently, Tetragon must decipher not only the nature of the claims that plaintiff is making, but also the factual allegations that plaintiff believes support the unidentified elements of her claim.

Plaintiff also makes allegations that are clearly without support. Plaintiff alleges that Tetragon was acting "under the color of state law." See Mealiffe Dec., Ex. "A", ¶67. However, plaintiff provides no facts that even suggest that Tetragon, a private defendant, was engaged in state action. Therefore, any claim that plaintiff is attempting to assert based upon unidentified

- 7 -

state action by Tetragon is untenable.  See Lown v. Salvation Army, Inc., 393 F. Supp.2d 223, 241 (S.D.N.Y. 2005) (finding that a defendant could not be held liable pursuant to the equal protection clause unless plaintiff alleged facts to suggest defendant was engaged in state action).

### II.   Plaintiff's Complaint Fails to Meet the Requirements Set Forth in Federal Rule of Civil Procedure 10(b).

Tetragon references and specifically incorporates herein the arguments asserted in the Motion to Dismiss submitted by Gordon & Rees, LLP, counsel for co-defendants IBM and Isogon Corporation.

### III.   In the Alternative, Plaintiff Should be Directed to Amend Her Complaint to Provide a More Definite Statement.

Tetragon references and specifically incorporates herein the arguments asserted in the Motion to Dismiss submitted by Gordon & Rees, LLP, counsel for co-defendants IBM and Isogon Corporation.

## CONCLUSION

For all the foregoing reasons, Defendant Tetragon L.L.C. respectfully requests dismissal of plaintiff's Fifth Cause of Action, without leave to amend, or, in the alternative, that plaintiff be directed to provide a more definite statement with regard to the Fifth Cause of Action in order to enable Defendant Tetragon to respond to and defend this action.

Dated: Jericho, New York
December 3, 2007

                              NIXON PEABODY LLP


                              By: /s/ *signature*
                                  Joseph J. Ortego (JO 3839)
                                  Thomas M. Mealiffe (TM 7369)
                                  *Attorneys for Defendants*
                                  *Tetragon L.L.C.*
                                  50 Jericho Quadrangle
                                  Jericho, New York 11753
                                  (516) 832-7500

TO:   Gerald A. Bunting, Esq.
      Bunting, Goner & Associates PC
      1983 Marcus Avenue, Suite 117
      Lake Success, NY 11042
      (516) 358-8825

      Diane Krebs, Esq.
      Gordon & Rees LLP
      Attorneys for Defendants
      IBM, Isogon Corporation
      90 Broad Street, 23rd Floor
      New York, NY 10004
      (212) 239-5500